

SAHLI LAW, PLLC
195 BROADWAY, 4TH FLOOR
BROOKLYN, NY 11211
PH: 347-378-8132
WWW.SAHLILAW.COM

February 4, 2025

**VIA ECF**
Honorable Dale E. Ho
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

    RE: *United States v. Eliezer Rondon*, 23 Cr. 634 (DEH)

Dear Judge Ho:

    This letter is submitted on behalf of Mr. Rondon regarding the sentence imposed on January 24, 2025. The Bureau of Prisons (BOP) requires clarification from the Court as to the calculation of Mr. Rondon's sentence. We respectfully request that Mr. Rondon's sentence run concurrently to any undischarged state sentence. The Government, through AUSA Dominic Gentile, does not object to this request.

    On December 8, 2023, Mr. Rondon was writted into federal custody. At that time, he was serving a state sentence. Per New York State Department of Corrections records associated with Mr. Rondon's DIN number, 22B3640, the maximum expiration date of that sentence was June 4, 2024. To ensure that Mr. Rondon's serves no more than the Court's intended 11 years of imprisonment, we respectfully request that the Court's judgment be amended to direct BOP to run his term of imprisonment concurrently to any undischarged state sentence, nunc pro tunc to December 8, 2023.

    District courts have discretion to order that a sentence run concurrently or consecutively with an anticipated state sentence. *Setser v. United States*, 566 U.S. 231, 236-37 (2012). The BOP "determine[s] a defendant's place of confinement," *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997), and "has the authority under 18 U.S.C. § 3621 to designate [the defendant's] state prison as a place of federal confinement, with

the result that [he] would serve his sentences concurrently." *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 73 (2d Cir. 2005) (citing *McCarthy v. Doe*, 146 F.3d 118, 122-23 (2d Cir. 1998)). *See also* 18 U.S.C. § 3621(b); *Setser* at 235 (2012) ("[W]hen a person subject to a federal sentence is serving a state sentence, the Bureau may designate the state prison as the place of imprisonment for the federal sentence — effectively making the two sentences concurrent or decline to do so—effectively making them consecutive.").

To ensure that Mr. Rondon serves the Court's intended punishment of 132 months of imprisonment, and to avoid any confusion by the BOP as to the Court's intended sentence, we respectfully request that the judgment be amended to read as follows: IMPRISONMENT: 132 months, to be served concurrently to any undischarged state terms of imprisonment, nunc pro tunc, from December 8, 2023.

Thank you for your consideration of this request.

Very truly yours,

_____/s/_____
Emilee A. Sahli, Esq.
Natali Todd, Esq.
Attorneys for Eliezer Rondon

cc: Counsel of Record (via ECF)

Application **GRANTED.** The Court will enter an amended judgment including direction to the BOP that Mr. Rondon's sentence shall be served concurrently to any undischarged state terms of imprisonment. The Clerk of Court is respectfully directed to close ECF No. 34. The Amended Judgment also corrects a typographical error at pg. 5 of the Statement of Reasons. **SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: February 10, 2025
New York, New York